UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA


| | | |
|---|---|---|
| KURT LEPPING, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00148 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| DAVID L. GREENO and WENDY C. GREENO, | ) | [Re:  Motion at Docket 44] |
| | ) | |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 44, plaintiff Kurt Lepping ("plaintiff" or "Lepping") moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment. Defendants David and Wendy Greeno ("defendants" or "the Greenos") oppose the motion at docket 50. Plaintiff's reply is at docket 61. Oral argument was heard on September 22, 2011.

## II.  BACKGROUND

In 2005, Lepping and the Greenos jointly purchased a tract of land in the Matanuska-Susitna Valley, intending to develop and subdivide it. In 2006, the parties formed Paradise Properties, LLC, with the assistance of a lawyer, John Davies ("Davies"), and transferred the property to the company. Davies forwarded the deed that transferred the tract to the company to the Greenos along with a draft operating agreement that the parties had discussed. The Greenos were advised to seek independent legal advice to assist with review of the operating agreement. The

operating agreement provided that Lepping would have sole managerial authority even though Lepping and the Greenos each had a fifty-percent interest in the LLC.  The Greenos maintain that they were sidetracked and never agreed to or signed the operating agreement.  Lepping maintains that the operating agreement is indicative of the parties' agreement and that the Greenos assented to its terms.

Complaints from neighbors delayed approval of the subdivision by the Matanuska-Susitna Borough.  Those issues were resolved in 2008.  Lepping maintains that, at that time, the Greenos informed him they would no longer contribute to the project.  The Greenos maintain that Lepping commingled personal and company funds and could not properly account for expenditures.  Lepping sent the Greenos letters stating that they were in breach of the operating agreement and attempted to complete the project on his own.  The Greenos informed the Borough that they disputed Lepping's managerial authority and requested that approval of the subdivision be postponed until the parties' dispute was resolved.

Lepping filed suit in the Superior Court for the State of Alaska at Palmer asserting claims for breach of contract and promissory estoppel, seeking damages and injunctive relief.  The case was removed to federal court in July 2010 on the basis of diversity jurisdiction.[1]

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."[2]  The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[3]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]  In resolving a motion

---

[1] Lepping is a citizen of Alaska, and the Greenos are citizens of Washington.

[2] Fed. R. Civ. P. 56(c)(2).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Id.*

for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[5] The reviewing court may not weigh evidence or assess the credibility of witnesses.[6] The burden of persuasion is on the moving party.[7]

### IV.  DISCUSSION

**A.  The Operating Agreement**

Lepping argues that the Greenos are bound by the terms of the draft operating agreement.  There are several issues of material fact precluding summary judgment on Lepping's breach-of-contract claim.  Foremost, the Greenos maintain that they never expressed assent to the terms of the operating agreement–particularly the clause granting Lepping managerial authority.[8]

Lepping contends that the Greenos' silence operated as acceptance of the operating agreement.  Lepping cites § 69 of the Restatement (Second) of Contracts but does not offer any analysis.  Section 69(1)(a) provides that "silence and inaction operate as an acceptance . . . [w]here an offeree takes a benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation."[9]  Disputed issues of material fact preclude summary judgment under § 69(1)(a) insofar as the Greenos dispute that they took the benefit of Lepping's services as manager of the LLC.[10]

Section 69(1)(b) states that silence operates as acceptance "[w]here the offeror has . . . given the offeree reason to understand that assent may be manifested by

---

[5]*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[6]*Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[7]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8]*See, e.g.*, doc. 50-3 at 8.

[9]Restatement (Second) of Contracts § 69(1)(a).

[10]*See, e.g.*, doc. 50-1 at 2 (David Greeno "played an active role in the management and decision-making regarding all aspects of the . . . project.").

silence."[11]  Subparagraph (b) does not apply because there is no evidence that Lepping gave the Greenos reason to understand that the terms of the draft operating agreement could be accepted by silence.

Section 69(1)(c) states that silence can constitute acceptance "[w]here because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept."[12]  There were no previous dealings between the parties from which it might be inferred that the Greenos should have informed Lepping that they did not intend to accept.  Moreover, the Greenos were instructed to have the draft operating agreement reviewed by independent counsel.  It is not reasonable, in light of that circumstance, for the Greenos' silence to constitute acceptance.

**B.  Promissory Estoppel**

Lepping argues that the Greenos are estopped from denying that they promised to cede managerial authority to him.  Disputed material issues of material fact also preclude summary judgment on this claim.  "Four elements are necessary to prove a claim of promissory estoppel: (1) an 'actual promise' that induces the action or forbearance; (2) the action or forbearance was actually foreseen or reasonably foreseeable; (3) the action or forbearance amounted to a substantial change in position; and (4) enforcement of the promise is necessary in the interest of justice."[13]

It is disputed whether the Greenos actually promised to cede managerial authority to Lepping.  Consequently, Lepping is not entitled to summary judgment on his promissory estoppel claim.

**C. Equitable Relief**

Lepping is correct that "it is the court, not the jury, that must determine . . . appropriate equitable relief."[14]  "[T]he nature of a claim–equitable or legal–depends on

---

[11]Restatement (Second) of Contracts § 69(1)(b).

[12]*Id.* § 69(1)(c).

[13]*Alaska Trademark Shellfish, LLC v. Dept. of Fish & Game*, 172 P.3d 764, 766 (Alaska 2007).

[14]*Martinez v. Cape Fox Corp.*, 113 P.3d 1226, 1232 (Alaska 2005).

the remedy sought."[15]  Lepping's complaint indicates that damages are sought in addition to equitable relief.[16]  "[F]acts common to legal and equitable claims must first be tried to a jury and the primary equitable issues, if any, disposed of in light of the jury verdict."[17]  Here, important disputed facts are common to Lepping's legal and equitable claims and consequently must be tried to a jury.

Moreover, "[o]ne who seeks the interposition of equity must generally show that he either has no remedy at law or that no legal remedy is adequate."[18]  Damages may be inadequate "when the amount of damages is highly speculative."[19]  Lepping has not, at this juncture, shown that damages would be highly speculative.  The Greenos suggest that "[d]amages can be measured by valuing the lots, then subtracting the costs of development from the sale proceeds based on those valuations."[20]  The court agrees that such calculations would likely ensure that any award of damages would not be *highly* speculative.

### V.  CONCLUSION

For the reasons above, plaintiff's motion at docket 44 for summary judgment pursuant to Rule 56 is **DENIED**.

DATED at Anchorage, Alaska, this 23rd day of September 2011.

                                               /s/ JOHN W. SEDWICK
                                          UNITED STATES DISTRICT JUDGE

---

[15] *Henrichs v. Chugach Alaska Corp.*, 250 P.3d 531, 539 (Alaska 2011).

[16] Doc. 1-1 ¶¶ 61, 66, 70, 75, 79.

[17] *Henrichs*, 250 P.3d at 540.

[18] *Knaebel v. Heiner*, 663 P.2d 551, 553 (Alaska 1983).

[19] *Id.*

[20] Doc. 50 at 24.