UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA


| KURT LEPPING, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 3:10-cv-00148 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| DAVID L. GREENO and WENDY C. GREENO, | ) | [Re: Motion at Docket 43] |
| | ) | |
| Defendants. | ) | |

## I. MOTION PRESENTED

At docket 43, defendants David and Wendy Greeno ("defendants" or "the Greenos") move *in limine* to exclude various evidence. Plaintiff Kurt Lepping ("plaintiff" or "Lepping") opposes the motion at docket 52. Defendants' reply is at docket 56. Oral argument was not requested and would not assist the court.

## II. BACKGROUND[1]

In 2005, Lepping and the Greenos jointly purchased a tract of land in the Matanuska-Susitna Valley, intending to develop and subdivide it. In 2006, the parties formed Paradise Properties, LLC, with the assistance of a lawyer, John Davies ("Davies"), and transferred the property to the company. Davies forwarded the deed that transferred the tract to the company to the Greenos along with a draft operating agreement that the parties had discussed. The Greenos were advised to seek

---

[1]This background information is taken from the order at docket 66.

independent legal advice to assist with review of the operating agreement. The operating agreement provided that Lepping would have sole managerial authority even though Lepping and the Greenos each had a fifty-percent interest in the LLC. The Greenos maintain that they were sidetracked and never agreed to or signed the operating agreement. Lepping maintains that the operating agreement is indicative of the parties' agreement and that the Greenos assented to its terms.

Complaints from neighbors delayed approval of the subdivision by the Matanuska-Susitna Borough. Those issues were resolved in 2008. Lepping maintains that, at that time, the Greenos informed him they would no longer contribute to the project. The Greenos maintain that Lepping commingled personal and company funds and could not properly account for expenditures. Lepping sent the Greenos letters stating that they were in breach of the operating agreement and attempted to complete the project on his own. The Greenos informed the Borough that they disputed Lepping's managerial authority and requested that approval of the subdivision be postponed until the parties' dispute was resolved.

Lepping filed suit in the Superior Court for the State of Alaska at Palmer asserting claims for breach of contract and promissory estoppel, seeking damages and injunctive relief.

### III. DISCUSSION

**A. Evidence of David Greeno's Bipolar Disorder, Negligent Driving Conviction, Assault Conviction, and Restraining Order**

The Greenos argue that evidence of David Greeno's bipolar disorder, his negligent driving conviction, assault conviction, and a restraining order issued against him in favor of his wife is irrelevant and should be excluded. The Greenos also state that the evidence is unfairly prejudicial, but do not elaborate.

**1. Evidence of David Greeno's Mental Condition**

Lepping argues that evidence of David Greeno's bipolar disorder is admissible to impeach his credibility, particularly with respect to his recollection of events in 2006. Lepping maintains that David Greeno's "mental breakdown" and subsequent hospitalization somehow explain why David Greeno's recollection of the 2006

meeting–at which the parties discussed the operating agreement–differs from other parties' recollections. That evidence is only probative of David Greeno's credibility if his mental condition actually affected his perception of the meeting or currently affects his recollection of the meeting. That showing has not been made. More importantly, evidence of David Greeno's bipolar disorder could confuse the issues, mislead the jury, and waste time.[2] The jury could potentially attach more significance to David Greeno's disorder than it is worth, and the showing that would be required to establish its relevance would require significant time. Finally, if David Greeno's testimony conflicts with the testimony of other parties to the 2006 meeting, the court is confident that the jury will be able to make that assessment without reference to David Greeno's mental condition.

**2. Evidence of David Greeno's Negligent Driving Conviction**

Lepping argues that evidence of David Greeno's negligent driving conviction and related incarceration is relevant to demonstrate that Lepping was unable to communicate with the Greenos at some point in 2006. The court disagrees. Even if David Greeno was in jail at some point during the relevant period and unable to communicate with Lepping, Lepping would have been able to contact Wendy Greeno. Consequently, evidence of David Greeno's conviction and incarceration–even at its most probative–would tend to confuse the issues, could mislead the jury, and poses the danger of unfair prejudice.

**3. Evidence of a Restraining Order Against David Greeno**

Lepping states that "[t]he restraining order application [which listed assaults against Wendy Greeno] and assault conviction are only relevant if the Greenos attempt to minimize the seriousness of Dave Greeno's bipolar disease."[3] However, it has not been established that David Greeno's condition caused the conduct that led to the restraining order and the assault conviction. Lepping states that David Greeno's

---

[2]Fed. R. Evid. 403.

[3]Doc. 52 at 11.

behavior is "otherwise inexplicable," but that is far from clear.[4]  Evidence of the restraining order and assault conviction would tend to confuse the issues, mislead the jury, and suggest decision on an emotional basis.[5]

**B. Evidence of the Greenos' Offer of Settlement**

The Greenos seek to exclude evidence that they offered, by letter, to sell their interest in Paradise Properties, LLC to Lepping for $200,000.  In the same letter the Greenos indicated that they would seek to block approval of the subdivision if Lepping did not accept their offer.[6]  Federal Rule of Evidence 408 precludes introduction of offers to compromise and statements made in compromise negotiations "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount."[7]

Lepping argues that his claim for breach of the covenant of good faith and fair dealing is based on the Greenos' settlement offer.  The complaint alleges that the Greenos breached of the covenant of good faith and fair dealing "by blocking Lepping and the LLC's attempts to get final Platt approval."[8]  Although Lepping's complaint elsewhere describes the Greenos' "demand," the relevant claim is based on blocking approval of the subdivision, not the offer to sell their interest.  The offer to sell their interest was not a separate wrong committed during the course of settlement negotiations.  It was an offer "to accept a valuable consideration in . . . attempting to compromise the claim."[9]  Evidence of the Greenos' offer is therefore barred by Rule 408 to prove liability or the amount of any claim.

---

[4]*Id.*

[5]*See* Fed. R. Evid. 403 (advisory committee note).

[6]Doc. 52-14.

[7]Fed. R. Evid. 408(a)(1), (2).

[8]Doc. 1-1 ¶ 78.

[9]Fed. R. Evid. 408(a)(1).

**C. Evidence of Lepping Conviction for Unsworn Falsification**

The Greenos argue that evidence of Lepping's conviction for unsworn falsification is admissible to attack his credibility. Under Federal Rule of Evidence 609(a)(2), "evidence that any witness has been convicted of a crime *shall be admitted regardless of the punishment*, if . . . the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."[10] On February 18, 2011, Lepping was convicted of unsworn falsification which requires submission of "a false written or recorded statement that the person does not believe to be true."[11]

Lepping argues that he only pled guilty to the charge to avoid the cost of litigation because the sentence "suggests doubt on the part of the sentencing judge as to whether a crime was committed in the first place."[12] The rule is explicit that evidence of a crime involving false statements "shall be admitted regardless of punishment."[13] Evidence of Lepping's conviction for unsworn falsification is admissible to attack his credibility.

## IV. CONCLUSION

For the reasons above, defendants' motion at docket 43 is **GRANTED** as follows:

1) Evidence of David Greeno's bipolar disorder, hospitalization, negligent driving conviction, and restraining order are excluded pursuant to Rule 403.

2) Evidence of the Greenos' offer to accept $200,000 for their interest in Paradise Properties, LLC is inadmissible to prove liability for, or the amount of any claim pursuant to Rule 408.

---

[10] Fed. R. Evid. 609(a)(2) (emphasis added).

[11] AS 11.56.210(a)(1).

[12] Doc. 52 at 15.

[13] Fed. R. Evid. 609(a)(2).

3) Evidence of Lepping's conviction for unsworn falsification is admissible to impeach his credibility pursuant to Rule 609(a)(2).

DATED at Anchorage, Alaska, this 14th day of October 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE